UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

GEORGE ROBINSON,

    Plaintiff,

v.

WILLIAMS-SONOMA STORES, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Comes now GEORGE ROBINSON ("Plaintiff"), on behalf of himself and all others similarly situated, hereby sues WILLIAMS-SONOMA STORES, INC., and alleges as follows:

### INTRODUCTION

1. Plaintiff, GEORGE ROBINSON, brings this action individually and on behalf of all others similarly situated against Defendant, WILLIAMS-SONOMA STORES, INC., ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* (hereinafter, "ADA").

2. Plaintiff is a blind individual. He brings this civil rights class action against Defendant for offering and maintaining an internet website that is not fully accessible and independently usable by visually impaired individuals.

3. Plaintiff ROBINSON has visited Defendant's website (www.williams-sonoma.com) (the "Website").

4. Defendant is a consumer retail company that offers goods that are inaccessible to the public and has a variety of brick and mortar locations throughout the United States, to include an office in Miami-Dade County, Florida. Defendant's website is offered as a tool that is heavily

1

integrated with Defendant's brick and mortar locations, to among other things, view item inventory, buy online and pick up in store, view and purchase sale and clearance items and view promotions.

5. As a result, the website must interact and be heavily integrated with Defendant's services, brick and mortar location, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of services afforded to the general public.

6. Blind and visually impaired consumers use screen reading software or other assistive technologies in order to access website content. Defendant's website, however, contains digital barriers, limiting the ability of blind and visually impaired consumers to access their content.

7. Defendant's website does not properly interact with screen reader software in a manner that will allow the blind and visually impaired to enjoy the website, nor does the site provide other means to accommodate the blind and visually impaired. As a result, the Plaintiff encountered digital barriers that interfered with his full enjoyment of Defendant's brick and mortar locations.  Plaintiff ROBINSON has visited Defendant's website in the past in conjunction with Plaintiff's visit to Defendant brick and mortar locations. However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's website, Plaintiff will continue to be denied full and equal access to the website and related brick and mortar locations as described, and will be deterred from fully using Defendant's website in conjunction with its physical location.

8. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. The ADA provides, in part:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the ... modification of a policy ...

42 U.S.C. § 12188(a)(2).

9. Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's website violates federal law as described and an injunction requiring Defendant to modify its website, to include third party vendors, so that it is fully accessible to, and independently usable by blind or visually impaired individuals. Plaintiff further requests that the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant's website to remain in compliance with the law.

## **JURISDICTION AND VENUE**

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

11. Plaintiff's claims arose in this judicial district and Defendant does substantial business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 12117(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

13. Plaintiff, GEORGE ROBINSON, is and, at all times relevant hereto, was a resident of the State of Florida. Plaintiff, GEORGE ROBINSON, is and, at all times relevant

3

hereto, has been legally blind and is therefore a member of a protected class under the ADA.

14. Defendant, WILLIAMS-SONOMA STORES, INC., is a Foreign profit Corporation, with its principal place in Boca Raton, Florida. Defendant, WILLIAMS-SONOMA STORES, INC., either directly or through its subsidiaries and/or partners and affiliates, owns, operates and/or maintains multiple brick and mortar retail locations throughout the state of Florida and in Miami-Dade County. Defendant, WILLIAMS-SONOMA STORES, INC., also owns, operates, and maintains its integrated website, which offers continuous services to the public, twenty-four (24) hours a day and seven days a week.

15. The retail locations, owned by Defendant, WILLIAMS-SONOMA STORES, INC., and the accompanying integrated website offers and services including viewing item inventory, buying online and picking up in store, viewing and purchasing sale and clearance items and viewing promotions within South Florida, to the public. The retail locations and website work collectively and are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

## FACTS

16. Defendant either owns, operates and/or controls its website, www.williams-sonoma.com, which offers services related to and heavily integrated with its brick and mortar retail locations and which offers such services such as viewing item inventory, buying online and picking up in store, viewing and purchasing sale and clearance items and viewing promotions within South Florida, to the public.

17. Blind and visually impaired individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a visually impaired person may independently use the Internet. Unless the websites are designed to be accessed with screen reader software, visually

impaired individuals are unable to fully access websites and the information, products, and service available through the sites.

18. The international website standards organization, W3C, has published WCAG 2.0 AA (Version 2.0 of the Web Content Accessibility Guidelines). WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities and compatible with screen reader software. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

19. Plaintiff is a prospective customer who is interested in the good and services offered by Defendant at its brick and mortar retail locations.

20. Plaintiff uses screen reader software in order to access a website's content. However, despite several attempts, Defendant's website did not integrate with Plaintiff's software, nor was there any function within the website to permit access for visually impaired individuals through other means. Plaintiff was denied the full use and enjoyment of the facilities and services available on Defendant's website as a result of access barriers on the website in conjunction with Plaintiff's use and patronage of Defendant's brick and mortar retail locations in Miami-Dade County.

21. Defendant's website does not meet the WCAG 2.0 AA level of accessibility.

22. By failing to adequately design and program its website to accurately and sufficiently integrate with screen reader software, Defendant has discriminated against Plaintiff and others with visual impairments on the basis of a disability by denying them full and equal enjoyment of the website, in violation of 42 U.S.C. § 12182(a) and C.F.R. § 36.201.

23. As a result of Defendant's discrimination, Plaintiff was unable to use Defendant's website and suffered an injury in fact including loss of dignity, mental anguish and other tangible

injuries. Moreover, the digital barriers on Defendant's website, Plaintiff is denied to participate in or benefit from the goods, services and accommodations afforded to the public.

24. The barriers at the website have caused a denial of Plaintiff s full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's website itself, and in conjunction with visiting its brick and mortar campus location.

25. If Defendant's website was accessible, Plaintiff could independently research and view item inventory, buy online and pick up in store, view and purchase sale and clearance items and view promotions.

26. Although Defendant may have centralized policies regarding the maintenance and operation of its website, Defendant has never had a plan or policy that is reasonably calculated to make its website fully accessible to, and independently usable by people with visual impairments.

27. Without injunctive relief, Plaintiff and other visually impaired individuals will continue to be unable to independently use Defendant's website in violation of their rights under the ADA.

## CLASS ALLEGATIONS

28. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to access Defendant's website using screen reader software.

29. <u>Numerous Class:</u> The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this

Court.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

31. <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its website fully accessible and independently usable as above described.

32. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

33. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**SUBSTANTIVE VIOLATIONS**

**Title III of the ADA, 42 U.S.C. § 12181 *et seq.*** 

34. The allegations contained in the previous paragraphs are incorporated by reference.

35. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides: "No

individual shall be discriminated against on the basis of a disability in the full and equal enjoyment the goods, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

36. Defendant's brick and mortar retail locations and accompanying Website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(F).

37. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(1).

38. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii').

39. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of good, service, facility, privilege, advantage or accommodation being

offered or would result in an undue burden

42 U.S.C. § 12182(b)(2)(A)(ii–iii); see also 28 C.F.R. § 36.303(a).

40. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

41. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is blind and has a disability that substantially limits the major life activity of seeing, within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's website. Plaintiff has not been afforded the services, privileges and advantages that are provided to other patrons who are not disabled, and/or have been provided services, privileges and advantages that are inferior to those provided to non-disabled persons. These violations are ongoing as Defendant has failed to make any prompt and equitable changes to its website and policies in order to remedy its discriminatory conduct.

42. Pursuant to the ADA and the remedies, procedures and rights set forth and incorporated therein, Plaintiff, on behalf of himself and on behalf of all others similarly situated, requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant is in violation

of the specific requirements of Title III of the ADA, described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its website was fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2), 29 U.S.C.A. § 794a, 28 CFR § 36.504 (a), and 29 U.S.C.A. § 794a which directs Defendant to take all steps necessary to bring its website into full compliance with the requirements set forth in the ADA, and both statutes' implementing regulations, so that its website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. An Order certifying the class proposed by Plaintiff, and naming Plaintiff as class representatives and appointing his counsel as class counsel;

d. Payment of attorneys' fees and costs incurred in this lawsuit;

e. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 29 U.S.C.A. § 794a, and 28 CFR § 36.505; and,

f. Whatever other relief the Court deems just, equitable and appropriate.

Dated: November 13, 2019

                                    Respectfully submitted,

                                    **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, FL 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: aquezada@lawgmp.com

                      bvirues@lawgmp.com

By: ___/s/_Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451